ROLF E. GAHN, Plaintiff, v. MILDRED B. GAHN, Defendant.

(*June* 17, 1955.)

LAYTON, J., sitting.

*William F. Lynch, II,* for Plaintiff.

*W. Thomas Knowles* for Defendant.

Superior Court for New Castle County, No. 613, Civil Action, 1954.

LAYTON, J.:

Petitioner, a New Jersey resident, has been separated from his wife since 1938. Since that time, defendant has lived in Newark, N. J., New York City, visited in the West and with her daughter in Wilmington, Delaware.

In January 1948, her daughter, Mrs. Ryan, hereafter called Trustee, was informed by telephone that defendant was in a mental observation ward in Bellevue Hospital in New York. Upon arrival, the Trustee found her mother in a confused condition mentally and, with the assistance of petitioner, defendant was brought to Wilmington, Delaware. Not more than three days after her arrival here, she was placed in the State Mental Hospital. Thereafter, on May 28, 1948, a Trustee was appointed for her under the provisions of Title 12, § 3702, *Del. C.,* and she has remained in this institution ever since.

In 1954, petitioner instituted this action for divorce upon the grounds of insanity pursuant to Title 13 *Del. C.* § 1522 (10).[1]

---

[1]"When either the husband or wife has been adjudged * * * a chronic or recurrent insane person, and has been under the supervision or care of an institution for mental diseases, during a period of five years."

Subsection (1) of § 1525, Title 13 *Del. C.* provides that no action for divorce may be instituted

"Unless one of the parties has been for the two years next preceding the commencement of the action a bona fide resident of this State."

Although the defendant's answer admitted that defendant was a Delaware resident, Judge Carey at the trial raised the question of jurisdiction upon his own motion. Petitioner's admitted New Jersey residence coupled with defendant's extremely doubtful Delaware residence caused the trial Judge to suggest a continuance in order to enable petitioner to secure more evidence on this point. Such additional evidence as available, though very meager, has now been taken which, together with the purely formal report of the Commission appointed in accordance with the Statute,[2] constitutes the record before me.

Petitioner takes the position either that defendant was a bona fide resident of this State for more than two years preceding the commencement of this action or, in the alternative, that because of acts and conduct hereinafter discussed, she is estopped from denying that Delaware was her residence. Defendant's Trustee opposes both these contentions.

I take it that both parties concede that the words "bona fide resident" as used in Title 13 *Del. C.* § 1525 are synonymous with domicile. *Ainscow v. Alexander*, 28 *Del. Ch.* 545, 39 *A.* 2d 54, 57.

The leading Delaware authority on domicile is *New York Trust Co. v. Riley*, 24 *Del. Ch.* 354, 16 *A.* 2d 772. At page 783 of 16 *A.* 2d, the Court states:

"A domicile once established remains the legal domicile until a new one is acquired. The essentials of domicile of choice are the fact of physical presence at a dwelling place and the

---

[2] Title 13 *Del. C.* § 1522 (10).

intention to make that place home. There must be a concurrence of fact and intent. The absence of either precludes the change. *State v. Frest*, 4 *Harr*. 558. There must be an actual abandonment of the first domicile coupled with an intention not to return to it, and the acquisition of a new domicile by actual residence in another place with the intention of making that place a permanent home. Whether one has changed his domicile from one place to another must depend largely on his intention. The intention must be of permanent or indefinite living at a given place, not for mere temporary or special purposes, but with a present intention of making that place home unless or until something uncertain or unexpected shall induce the adoption of some other permanent home; or, negatively expressed, there must be an absence of any present intention of not residing at the place permanently or for an indefinite time. It follows that absence from one's place of residence, even for a long time on business, pleasure, reasons of health, education of children, or other special purpose, will not effect a change of domicile if, all the while, the person intends to be absent only for the accomplishment of the temporary purpose and to return to his former place of residence upon the fulfillment of the purpose. The intention to return must, of course, be fixed, certain and constant. A loose, indefinite, or as it is called, a floating intention to return will not avail to prevent a change of domicile. Declarations of intention or purpose are, of course, admissible, but they must give way to definite and unequivocal acts and conduct."

Let us proceed to an examination of the facts here in the light of the language just quoted.

Defendant was, I presume, a woman in her sixties. She had become separated from petitioner nearly twenty years ago while they were residents of New York or New Jersey. Mrs. Ryan, her daughter, an only child as far as appears on the record, has lived in Delaware for a number of years. Defendant, at the time of this unfortunate happening, seems to have resided in Newark, New Jersey and was, no doubt, domiciled in that State. There she had a room in a hotel and a mail box, and there it was she

had lived for an undisclosed length of time except for visits to the West and with her daughter in Wilmington. In late January, 1948, she was placed in a mental observation ward in Bellevue Hospital. She was mentally confused. All she remembered was her daughter's telephone number in Wilmington. The hospital authorities called Mrs. Ryan who immediately went to New York. Her mother recognized her. The Trustee stated, "Mother, you are coming down (to Wilmington) to stay with me * * *."

The petitioner offered the services of his automobile and they first went to Newark, N. J., where her mother had a room in a hotel. The pertinent testimony relating to this trip is as follows:

"Q. Did she (defendant) know she was coming to Delaware? A. Yes.

"Q. Did you go to the hotel and get her things? A. I went to the hotel and paid whatever bill was then due.

"Q. And did you take her, all of her effects, from the hotel, all effects, or did your mother take her effects from the hotel? A. Whatever was there. She had her effects with her at the hospital.

"Q. And she came voluntarily with you to Delaware? A. If I may explain, we stopped at the Post Office at her request and she signed a change of address asking the Postmaster to send all of her mail to Delaware to my address because she was going to live with me.

"Q. Did she know she was going to live with you? A. Yes, she wouldn't have asked for her mail to be sent here if she didn't."

Defendant was committed to the State Hospital two or three days after her arrival in Wilmington, a Trustee was appointed for her four months later, and she has never left the hospital.

From the above testimony, the fact of defendant's physical presence in Delaware is established—indeed it is not denied.

But the intention to make Delaware home is far from clear. Assuming *arguendo*, that defendant's mind was capable of forming the intention to make a change of domicile, which I doubt, what evidence of the fact is there? What little there is is inconclusive, as consistent with a temporary change of residence as with change of domicile and established by way of hearsay or conclusion testimony. Let us examine it closely. .

First the Trustee said, "Mother, you are coming down to *stay* with me \* \* \*." The word "stay" is significant. It is the Trustee's own choice of word. It connotes a temporary residence.

Next, defendant gave up her home—that is her residence, in New Jersey. But this was merely a hotel room and in the light of *New York Trust Co. v. Riley, supra,* is insignificant. Her personal effects apparently amounted to no more than what a suitcase or two would hold. There is no mention of a trunk nor of shipping a few prized personal possessions on from storage.

Concededly, she changed her mailing address, stating she was going to live with her daughter in Wilmington. The change of a mailing address is of little consequence. Persons frequently do this although intending to be absent from home for no more than a month or so. Defendant's alleged statement to the Postmaster in Newark that she was going to live with her daughter may be admissible, even though hearsay. Standing alone, it means little. It represents at best the Trustee's memory of an event and statements made seven years ago. This constitutes the entire record insofar as concerns the alleged change of residence.

 In this connection, a statement from *New York Trust Co. v. Riley, supra,* is significant:

"It is a fundamental proposition that one whose right to relief depends on the establishment of the domicile of another at a given place has cast on him the onus of proof."

In my judgment, petitioner has failed to meet that burden by a substantial margin.

 The petitioner points to the fact that the Trustee's answer admits that defendant was a Delaware resident but it is axiomatic that jurisdiction cannot be conferred upon a Court by consent.

 Further, petitioner argues with a great deal of force that defendant's Trustee is judicially estopped from denying that Delaware is defendant's residence because of having asserted the contrary on several prior occassions. However, it seems to be a well-settled proposition that jurisdiction cannot be conferred by estoppel. 21 *C. J. S.*, Courts, § 108, p. 161 *et seq.* Accordingly, it seems unnecessary to enter into any extended discussion of this phase of the case.

The petition is denied for the reasons stated.