**G. A. Van L., Husband, Petitioner,**

v.

**P. E. Van L., Wife, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted April 3, 1980.

Decided April 17, 1980.

John B. Kennedy, Wilmington, for petitioner.

Richard Allen Paul, Wilmington, for respondent.

WAKEFIELD, Judge.

This is the Court's decision in this contested divorce action brought by the Husband against the Wife on grounds of incompatibility. All of the allegations of the petition were admitted by the Wife and proved at trial except for petitioner's domicile on which issue the Court reserved jurisdiction.

It appears from the testimony of the parties that they had lived for some time in northern New Jersey until about five years ago when the Husband, who is a travelling salesman, was assigned to an office in Broomall, Pennsylvania. His new sales area included eastern Pennsylvania, Delaware, Maryland, District of Columbia and parts of Virginia. The parties looked for living quarters in Maryland and Delaware before finally locating in Drexel Hill, Pennsylvania, largely because both sets of parents lived there and because of the proximity of Drexel Hill to the Husband's office in Broomall. A year or two later, the Husband's parents moved to Brandywine Hundred in Delaware.

The Husband left the marital domicile in Pennsylvania on March 6, 1979 and moved immediately to the home of his parents in Brandywine Hundred. He later signed a lease for an apartment in northern Brandywine Hundred, not far from the Pennsylvania line, which ran from July 1, 1979 to June 30, 1980. It would appear that the apartment is inexpensively and sparsely furnished.

So-called "laundry list" items tending to establish Delaware residence are:

1. April 1, 1979—joined Greater Wilmington Chapter, Parents without Partners.
2. May 1, 1979—opened savings account at Wilmington Savings Fund Society.
3. May 23, 1979—obtained Delaware driver's license.
4. July 1, 1979—signed one year lease on unfurnished apartment referred to above.
5. Date unknown, 1980—filed partial-year Delaware income tax return.
6. March 19, 1980—registered to vote in Delaware.
7. March 29, 1980—signed lease for house in Fairfax for one year commencing May 1, 1980.

Petitioner claims that he has no bank accounts other than his Delaware account, that his only charge or credit card bills are sent to his Delaware address, that he purchases his clothes in Delaware, that he has attended about 20 movies here, and that he has picked up several important new business accounts with Delaware companies because of his closer proximity to them. While he still uses a Pennsylvania dentist convenient to the Broomall office, he has

seen a Delaware physician. He claims that, while his commute to the Broomall office is slightly longer than from Drexel Hill, he only goes there twice a week and that his Delaware residence really places him closer to most of his territory, particularly Baltimore where he spends a great deal of time.

Crucial to this case and distinguishing it from many others are two factors: (1) Husband's parents live in Delaware not far from his present residence and also near the Fairfax property he has rented commencing May 1, 1980; (2) He is engaged to marry one S. S. M. on May 17, 1980 if this divorce is granted.

With respect to the latter point, the said S. S. M. is divorced and she shares custody of her children with her former husband. Since S. S. M. presently lives alone in Newark, Delaware, her ex-husband, who also lives in Fairfax, has the primary care of the children. The principal reason for renting the house in Fairfax is to enable S. S. M. to be nearer to and spend more time with her children, to permit her to live in the same school district as the children, and to make exchanges of custody easier on the children and herself.

Although the Wife has orally cited the Delaware Supreme Court decision in *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, Del.Supr., 402 A.2d 1202 (1979) as applied by this Court in *Husband B. v. Wife B.*, Del.Fam., unreported, No. 943–79 (October 29, 1979), in support of her contention that the Husband has not established domicile, the facts of this case are quite different. In *B. v. B., supra*, the petitioner-Husband worked full-time in Pennsylvania, had no present intention to marry a Delaware resident with children in Delaware and, although he had purchased a home, all on borrowed money, he really had no other roots here.

The case at bar presents a rather unique situation where the petitioner's strongest argument is based, not on his own Delaware "deep roots," but upon the strong ties his fiance has in this State. Absent that, I would, without hesitation, hold that he has not established sufficiently deep roots in Delaware to come within the statutory residence requirements. But the evidence concerning his future plans convinces me that, at some time before the hearing, whenever he and S. S. M. decided to get married and move to Fairfax, he became a Delaware domiciliary. The problem is that there was no evidence presented as to the date or dates of those events.

13 *Del.C.* § 1504(a) requires a party "at the time the action was commenced" to have been a resident of this State for six or more months "immediately preceding the commencement of the action." The divorce petition in this case was filed on January 23, 1980 so that domicile must be viewed as of July 23, 1979, six months "immediately preceding the commencement of the action." Viewed as of that date, it can easily be seen that some of the actions or events referred to above occurred after that date and hence cannot really be considered except as confirmatory of an alleged prior-formed intent which is not really susceptible of corroboration by objective and observable events or actions. The real issue here is whether *any* acts which petitioner performed after July 23, 1979 to buttress his claim of residency can be considered and, if so, may they be related back to his original move to Delaware as confirmation of his intent to give up his former domicile and to establish his residence in this State? In short, when did he form the intent to live in Delaware and must he actually perform acts corroborating that intent prior to filing the divorce or six months prior to filing?

In *Wife (J.F.V.), supra*, the Delaware Supreme Court repeated and confirmed its holding in *New York Trust Co. v. Riley*, Del.Supr., 16 A.2d 772 (1940) in which the Court stated:

"Declaration of intention or purpose are, of course, admissible, but they must give way to definite and unequivocal acts and conduct."

And in *Wife (J.F.V.), supra*, at p. 1204, the Supreme Court said:

"Residence plus an expression of intent to make Delaware home is insufficient to establish domicile without *clear and unequivocal proof of permanency* as ex-

pressed in *Riley*. Unless the totality of the circumstances clearly establishes *factors* showing an integration into the chosen locale of residency, making it advantageous to remain and disadvantageous to leave, there can be no "domicile . . ." (Emphasis added)

But at what point in time does the Court view the "proof of permanency" and the "factors showing integration?" A date six months prior to filing the petition? The date of filing the petition? The date of hearing? *Wife (J.F.V.) does not say.*

 It is clear, as stated previously, that as of July 23, 1979, a date six months prior to filing the petition, petitioner had leased and moved into a Delaware apartment, joined one social organization, opened a bank account (and, presumably, closed any Pennsylvania accounts he may have had), and obtained a Delaware driver's license, acts which in my judgment fall far short of confirming a previously-formed intent to remain in Delaware permanently. As of January 23, 1980, the date of filing, he had, so far as the record discloses, done little else to prove his deep roots in this State. Thus, viewed as of that date, he had not confirmed his intent by observable acts or commitments which would constitute "clear and unequivocal proof of permanency" nor were there sufficient factors present "showing an integration into the chosen locale of residency, making it advantageous to remain and disadvantageous to leave" within the meaning of *Wife (J.F.V.), supra.*

In my judgment, in order for this Court to have jurisdiction, a divorce petitioner must demonstrate to the satisfaction of the Court objective factors which establish his "deep roots" so as to confirm his previously-formed intent to become a Delaware resident no later than the date of filing of the divorce. He should be able to prove all necessary elements to establish his domicile on the date the divorce is filed and not rely on post-filing factors to buttress his case. He must satisfy the Court that he formed his intention to make Delaware his domicile at least six months prior to the filing of the divorce and must present evidence of objective steps which he took confirmatory of that intention either at or after forming such intent, all of which must occur no later than the date of filing of the petition. Viewed in that manner, I cannot say that, as of January 23, 1980, the petitioner was a resident of the State of Delaware because he had not established his deep roots as of that date. I am satisfied that, whenever he and S. S. M. decided to get married and to live in Fairfax so that S. S. M. could exercise her joint custodial rights with her children, he has provided the necessary confirmation of what may well have been a prior-formed intent.

I need not deal further with that issue in view of the holding above.

Petition for divorce dismissed.