David E. HARTLEY,* Petitioner,

v.

Denise T. HARTLEY, Respondent.

Family Court of Delaware,
New Castle County.

Submitted July 9, 1981.
Decided July 14, 1981.

Kenneth F. Carmine, Wilmington, for petitioner.

David C. Carrad, Wilmington, for respondent.

GALLAGHER, Judge.

The court faces an unusual question. On June 25, 1981, an order was entered grant-

* A pseudonym adopted to protect the privacy of the parties.

ing respondent's motion to vacate an uncontested divorce decree, and allowing her 20 days to file a motion or responsive pleading and to seek ancillary relief. On June 29, 1981, petitioner served upon respondent, and filed with the court, notice that he had voluntarily dismissed the divorce petition. Within the next two hours respondent filed an answer to the petition.[1] The court must decide whether petitioner effectively dismissed the petition, and concludes that he did.

█ Respondent contends that this court's June 25 order suspended for 20 days petitioner's right to dismiss the petition and somehow guaranteed her an opportunity to answer or otherwise respond during that time. Respondent misinterprets the practical effect of the order which, by vacating a prior decree, merely returned the action to the time when petitioner filed his petition for divorce. Therefore, the order of June 25 neither increased respondent's rights nor limited petitioner's rights, and the court will approach the question before it as it would in the usual situation where a petitioner voluntarily dismisses his petition.

Superior Court Rule 41(a)(1)(I) is controlling and reads in pertinent part: "An action may by dismissed by the plaintiff without order of court...by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment...".[2] No pleading specified by the rule was filed by respondent before petitioner filed his notice of dismissal.

In *American Cyanamid Co. v. McGhee*, 5th Cir., 317 F.2d 295, 297 (1963), the court interpreted the substantially similar Federal Rule of Civil Procedure 41(a)(1) and concluded that:

> So long as plaintiff has not been served with his adversary's answer...he need do no more than file a *notice* of dismissal with the Clerk. The document itself closes the file. There is nothing the defend-

ant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*See also, Miller v. Reddin*, 9th Cir., 422 F.2d 1264 (1970); *Scam Instrument Corp. v. Control Data Corp.*, 7th Cir., 458 F.2d 885 (1972); *Williams v. Ezell*, 5th Cir., 531 F.2d 1261 (1976).

In opposition, respondent cites *H.C.M. v. E.W.M.*, Del.Fam., 413 A.2d 1271 (1980), *aff'd sub nom. B.E.M. v. D.A.M.*, Del.Supr., 428 A.2d 1148 (1981). The case is wholly inapposite because there an answer had been filed, and the court decided the case, not under Rule 41(a)(1), but under Rule 41(a)(2).

█ Respondent suggests that the Family Court is a court of equity and can "enter such orders against any party to the action as the principles of equity appear to require," 10 *Del.C.* § 925(15), and argues that while the dismissal may be entirely within the letter of the law, it is inequitable to put respondent to the time, trouble and expense of extensive proceedings in Delaware and them to permit her status as a litigant to be nullified by petitioner's unilateral act. Equitable considerations, however, cannot obviate the rule. As the court suggested in *McGhee, supra*, Rule 41 grants a petitioner the absolute right to dismiss his action voluntarily at any time before the respondent files a responsive pleading or a motion for summary judgment.

Even assuming, *arguendo*, that equitable considerations are material, the court perceives no inequity. After the Delaware action was filed respondent, a Pennsylvania resident, filed for divorce in Pennsylvania

---

1. 13 *Del.C.* § 1511 requires a *verified* response to the petition. While respondent's "answer" was not verified the decision will not turn on this point.

2. The rule applies in Family Court by virtue of 13 *Del.C.* § 1522. For present purposes, it is presumed that "action" and "petition" are synonymous terms.

without knowledge of the Delaware action.[3] Petitioner was personally served with process in that action. He has now given up his Delaware residence and has returned to live in Pennsylvania. From the beginning, the parties should have been litigating their marital rights and obligations in their home state, Pennsylvania. In her successful effort to persuade this court to vacate its divorce decree respondent asserted that she could prove, if a trial were permitted, that petitioner remained domiciled in Pennsylvania, that this court lacked subject matter jurisdiction and, hence, had no authority to grant a divorce decree. Curiously, respondent has gotten, in a sense, precisely what she sought—vacation of the divorce decree and dismissal of the Delaware action. Further, ancillary relief similar to what respondent seeks in the Delaware action is available to her in the Pennsylvania action. See 23 *Pa.Stat.Ann.* §§ 401 *et seq.* (property rights and costs), 501 *et seq.* (alimony and support) (Purdon).

There is no Delaware authority in point, but the reasoning of the United States Court of Appeals for the Fifth Circuit is persuasive. Despite this court's order of June 25, 1981, petitioner had the right to dispose of his action unilaterally before respondent filed a responsive pleading or a motion for summary judgment. Since petitioner's notice of dismissal preceded the filing of respondent's response, this action was effectively terminated when the notice was filed, and it is no longer pending before the court.

IT IS SO ORDERED.

---

**3.** Pennsylvania adopted no-fault divorce on July 1, 1980. *See* 23 *Pa.Stat.Ann.* §§ 101 *et seq.* (Purdon). This law was in effect when respondent filed for divorce in Pennsylvania.