Billie Lynn THOMPSON, an individual and Billie Lynn Thompson as Substitute Trustee of the Estate of William F. Dickerson, Respondents Below, Appellants,

v.

John R. LYNCH and Dewey C. Lynch, Petitioners Below, Appellees.

No. 429, 2009.

Supreme Court of Delaware.

Submitted: Dec. 16, 2009.
Decided: Feb. 25, 2010.

32. 62 Del. Laws 331 (emphasis added).

John A. Sergovic, Jr., Esquire (argued), Sergovic & Carmean, P.A., Georgetown, DE and Matthew S. Lindauer, Esquire, Smith, O'Donnell, Feinberg & Berl, LLP, Georgetown, DE, for Appellants.

Sean M. Lynn, Esquire, (argued), Hudson, Jones, Jaywork & Fisher, LLC, Dover, DE, for Appellees.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

BERGER, Justice:

In this appeal we consider whether the Court of Chancery lacked subject matter jurisdiction to partition a parcel of land, and whether its decision was based on an adequate factual record. After the partition process had concluded, and appellants learned that they would not receive the divided parcel they wanted, they claimed that the trial court lacked jurisdiction to partition the land because it was not owned by the two parties as tenants in common. They also objected to one of the court's factual findings. The Court of Chancery held that appellants were judicially estopped from contradicting their previous position, and that the record supported the Master's factual findings. We agree and affirm.

### Factual and Procedural Background

The 193 acre parcel in dispute is located at the corner of Route 1 and New Wharf Road in Milford, Delaware. As of 1985, a partnership named Bowen's Mill Landing owned the parcel. George C. Chaney and William F. Dickerson were Bowen's Mill's two partners. Chaney died in 1990 and his wife, Dorothy L. Chaney, inherited his interest in the parcel. Her two sons, John R. and Dewey C. Lynch, inherited their mother's interest upon her death in 2004. Dickerson died in 1995, and his daughter, Billie Lynn Thompson, acquired his interest in the parcel as substitute trustee of a trust he had created.

In 2006, the Lynches filed a Petition for Partition, alleging that they and Thompson each had a 50% undivided interest in the parcel. The Petition asked that a commission be appointed to make a fair partition, and that the parcel be divided. The Court of Chancery appointed a commission to evaluate the property, and the commission issued its report in August 2007. The original parcel's western boundary bordered the City of Milford. The commission proposed to divide the property into two parcels of equal size. The western parcel would border Milford and the eastern parcel would border the western parcel. The only difference between the parcels is that, because the western parcel would border the city, it would be eligible to be annexed. The eastern parcel would be eligible to be annexed only after annexation of the western parcel.

Both parties agreed that they would accept the commissioner's report if they were given the western parcel. After correspondence and briefing, the Master issued a final report on March 4, 2009. The Master concluded that the Lynches should be awarded the western parcel because

they intended to seek annexation and then develop the parcel, whereas Thompson's intentions were less certain. Thompson filed exceptions to the Master's Report. In her exceptions, for the first time, she argued that the parcel was not subject to partition because the property was titled in the partnership, Bowen's Mill Landing. Thompson stated that the partnership was dissolved, by operation of law, when Chaney died in 1990, but that her father, the remaining partner, never wound up the partnership's affairs or distributed its assets. As a result, Thompson claims, she and the Lynches actually own 50% of a dissolved partnership, not the parcel itself.

The Court of Chancery denied the exceptions and entered judgment in accordance with the Master's Final Report. To resolve the title issue, the trial court ordered Thompson to "effectuate the dissolution of any partnership entity, and ... to wind up the business and affairs of any partnership so that the findings and rulings of the Master's Final Report can be fully implemented."[1] This appeal followed.

### Discussion

■■■ It is settled law that parties may not confer subject matter jurisdiction by agreement, and courts may not acquire jurisdiction by estoppel. If a court lacks subject matter jurisdiction, its decision is a nullity.[2] The Court of Chancery's jurisdiction over petitions for partition is granted by statute. Partition is available when "2 or more persons hold lands ... as joint tenants or tenants in common...."[3]

■■■ The petition filed by the Lynches alleges that they acquired a 50% undivided interest in the property from their mother, and that Thompson acquired a 50% undivided interest in the property from her father. Although Thompson did not contest those factual allegations for more than two years, the property records support her claim that the parties do not own the parcel as tenants in common. Accordingly, Thompson argues that any partition by the Court of Chancery would be a nullity because the court has no jurisdiction to partition property owned by a partnership.

Recognizing that a party cannot be estopped from asserting lack of jurisdiction, the Court of Chancery instead held that Thompson was estopped from contradicting her previous position. In *Bruce E.M. v. Dorothea A.M.*,[4] this Court addressed a similar issue in the context of a divorce proceeding. The husband originally filed a divorce petition alleging he was a Delaware resident, and later claimed to be a Pennsylvania resident. If he actually was a Pennsylvania resident, the trial court would not have had subject matter jurisdiction. The trial court found that it had subject matter jurisdiction and this Court affirmed:

> A court can not acquire subject matter jurisdiction by estoppel, especially when the court is one created by statute and has limited jurisdiction.... While the trial judge refused to give conclusive effect to the oaths of residency contained in the husband's two divorce petitions and his denial of residency in reply to the wife's counterclaim, we conclude that the trial judge correctly viewed those statements as evidence on the issue of jurisdiction, and we find no error in his decision.

1. *Lynch v. Thompson*, 2009 WL 1900464 at * 4 (Del.Ch.).

2. *Bruno v. Western Pac. Railroad Co.*, 1986 WL 16474 at *1 (Del.Supr.); *Bruce E.M. v. Dorothea A.M.*, 455 A.2d 866, 871 (Del.1983).

3. 25 *Del. C.* § 721(a).

4. *Supra.*

The wife only had to establish by a preponderance of the evidence that her husband was domiciled in Delaware.... The trial judge had the advantage of observing and hearing the witnesses before making his findings. It is apparent that the legal tactics employed here destroyed any semblance of credibility the husband may have had, and we entertain no doubt that the trial judge's conclusions fully meet the tests of judicial review.... [5]

■ Here, Thompson's claim that the trial court lacked subject matter jurisdiction is supported by the deed to the property. This is not the kind of factual issue that can be decided on the basis of credibility. As a result, the trial court would not have been able to resolve the question of subject matter jurisdiction by simply estopping Thompson from changing her position. But "equity regards that as done which in good conscience ought to be done." [6] And what ought to have been done, years ago, was that Thompson should have dissolved the partnership and distributed the land in question to the partners, or their heirs, as tenants in common. The Chancellor ordered Thompson to take those steps, and thereby resolved Thompson's challenge to the court's jurisdiction.

■ Thompson also argues that the trial court lacked a sufficient factual record to determine that the Lynches had a clear intention to develop the land and that she did not. It is true that, in her Reply Brief to the Master, Thompson expressed an intent to develop the land. In an earlier conference with the Master, however, her counsel advised that, "[s]he doesn't want to not be able to do it in the future, if that's the way she should decide to go. But at this point in time it's not her interest to be a land developer." [7] We are satisfied that this record supports a finding that Thompson's plans were less than certain. The record also supports a finding that the Lynches' plans to develop the land and seek annexation were unequivocal. Accordingly, we find no merit to this argument.

### Conclusion

Based on the foregoing, the decision of the Court of Chancery is affirmed.

---

**5.** 455 A.2d at 871 (Citations omitted.).

**6.** *Monroe Park v. Metropolitan Life Insurance Co.,* 457 A.2d 734, 737 (Del.1983).

**7.** Appellees' Appendix, A–298.