**Dean ARROYO,[1] Petitioner,**

v.

**Jeanna ARROYO, Respondent.**

**No. CS02–04531.**

Family Court of Delaware,
Sussex County.

Date of submission: Sept. 19, 2008.

Date decided: Nov. 17, 2008.

Seth L. Thompson, Esquire, Hudson, Jones, Jaywork and Fisher, Georgetown, Delaware, attorney for the Petitioner.

Jeanna Arroyo, pro se, Georgetown, Delaware.

## OPINION

JONES, J.

Pending before the Court is a Motion for Termination or Reduction of Alimony filed by Dean Arroyo (Husband) on September 19, 2008. Jeanna Arroyo (Wife) filed an Answer on September 22, 2008. This is the Court's decision regarding Husband's Motion.

## BACKGROUND

The history of litigation in this case has been long and contentious. The Court will only address the procedural history that is relevant to this decision.

The parties were married on September 6, 1992. They separated on October 23, 2002, and divorced on July 23, 2003.

1. The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

Three minor children were born during the marriage: Adrian Arroyo (DOB 3/17/1994), Lark Arroyo (DOB 2/10/1997), and Andrew Arroyo (DOB 1/11/1999). The Court awarded joint custody to Husband and Wife, and primary placement with Wife after a hearing.

During the ancillary proceedings, the Court ascertained that Husband was capable of earning an annual income of $168,904.00. The Court issued an Order on December 23, 2005 addressing all ancillary matters, including an award to Wife for alimony in the amount of $2,282.11 per month. Husband appealed the Court's decision to the Supreme Court of Delaware. The Supreme Court affirmed this Court's ruling, but remanded the case for the limited purpose of reconsidering Husband's monthly child support payments. Recently, the Supreme Court has affirmed this Court's subsequent ruling on this matter.

On February 6, 2007 Wife requested an emergency ex parte order. She alleged that Husband had not complied with his obligations as to alimony and child support. She further alleged that Husband was planning to flee the country. The Court granted Wife's request for emergency relief and scheduled an emergency hearing for February 16, 2007. Husband failed to appear to the hearing. A Commissioner of this Court issued an Order directing Husband to forfeit his passport to the Family Court no later than 4:30 p.m. on February 20, 2007. Husband failed to surrender his passport by the deadline and the Court issued a *capias* for Husband's arrest on February 23, 2007.

On May 15, 2007 Wife filed a Petition for Child Support Arrears. Husband failed to appear for that hearing. Another *capias*

was issued for his arrest on August 22, 2007 by a Commissioner of this Court.

Wife filed a Rule to Show Cause petition against Husband on February 20, 2007 claiming that Husband was in contempt for failing to satisfy his interim alimony, attorney's fees, alimony, interim child support, and property division obligations. On August 13, 2007, this Court granted Wife's petition and found sufficient evidence to hold Husband in contempt for outstanding interim alimony, permanent alimony, property division, and attorney's fees obligations.

## LEGAL STANDARD

The Delaware Supreme Court has stated that it recognizes "the 'ancient rule' that 'until one purges himself of a contempt, he may be prevented from going forward with his case.' "[2] In that case, petitioner had failed to comply with an Order of Family Court, and as a result, a *capias* was issued for his arrest. The Supreme Court dismissed petitioner's appeal because of his outstanding capias for failure to comply with Family Court's order.

## FINDINGS AND CONCLUSION

Husband's Motion for Termination or Reduction of Alimony is dismissed. The underlying principle of the Supreme Court's decision in *Schmidt* extends to the case at hand. Husband has two outstanding *capiases* stemming from his failure to surrender his passport and his failure to pay outstanding child support. He also has been found to be in contempt of this Court's Order regarding his failure to pay interim alimony, alimony, child support, attorney's fees and Wife's portion of the

2. *Schmidt v. Schmidt,* 610 A.2d 1374, 1377 (Del.1992) *quoting DuPont v. DuPont,* 103 A.2d 234, 239 (Del.1954).

property division. He has not purged himself of those taints. He has therefore forfeited the right to pursue such matters in this Court at this time.

**IT IS SO ORDERED.**