**In the Interest of Dean ARROYO**

**v.**

**Jeanna ARROYO.**[1]

**Nos. CS02–04531, CS02–34353.**

Family Court of Delaware,
Sussex County.

Submission: Sept. 26, 2008.

Decided: Dec. 12, 2008.

Seth L. Thompson, Esquire of Hudson, Jones, Jaywork and Fisher, Georgetown, DE, for Petitioner.

Jeanna Arroyo, Respondent, pro se.

**MOTION FOR RELIEF FROM JUDGEMENT—ORDER**

JONES, J.

Pending before the Court is a Motion for Relief from Judgment filed by Dean Arroyo (Husband) on September 26, 2008 and a Motion to Dismiss filed by Jeanna Arroyo (Wife) on September 30, 2008.

This case has a very long, intricate procedural background. The Court will address only those facts pertinent to its present decision.

Husband and Wife were divorced on July 23, 2003 after a 10 year 8 month marriage. There were three children born to the marriage: Adrian Arroyo (DOB 3/17/1994), Lark Arroyo (DOB 2/10/1997), and Andrew Arroyo (DOB 1/11/1999). After a hearing, the Court awarded joint custody to the parents and primary residential placement with Wife. The Court has since modified its Custody and Visitation Order, granting sole custody to Wife and visitation to Husband, if he returns to

---

1. The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

this country, to be held at the Georgetown Visitation Center.[2]

The Court issued an Order addressing matters ancillary to the parties' divorce. That Order was appealed to the Supreme Court of Delaware. The Supreme Court affirmed this Court's ruling, but remanded the case for the limited purpose of reconsidering Husband's monthly child support payments. The Supreme Court recently affirmed this Court's subsequent ruling on that matter. Currently, Husband is obligated to pay Wife $2,282.11 per month for alimony and $1,129.00 per month for child support.

On February 6, 2007, Wife requested an emergency *ex parte* order. alleging that Husband was planning to flee the country and had not complied with his obligations as to alimony and child support. The Court granted Wife's request for emergency relief and scheduled a hearing for February 16, 2007, for which Husband received notice according to the Court's records. Husband failed to appear at the hearing. A Commissioner of this Court issued an Order on February 16, 2007 directing Husband to forfeit his passport. Husband left the country, arriving in Israel on February 17, 2007,[3] having failed to follow the Court's Order. The Court issued a *capias* for Husband's arrest.

Wife filed a Petition for Child Support Arrears on May 15, 2007. Despite having notice, Husband failed to appear for the hearing. Another *capias* was issued for his arrest on August 22, 2007.

On February, 20, 2007, Wife filed a Rule to Show Cause petition alleging that Husband was in contempt for failing to satisfy his alimony, interim alimony, interim child support, attorney's fees, and property division obligations. Again, Husband failed to appear for the hearing, despite having notice. The Court found sufficient evidence to hold Husband in contempt for outstanding interim alimony, permanent alimony, property division, and attorney's fees obligations in its August 13, 2007 Order.

Husband had previously filed a Motion for Termination or Reduction of Alimony on September 19, 2008. The Court dismissed that Motion because Husband had been found in contempt and had outstanding *capiases*.[4] The Court held that Husband had "forfeited the right to pursue" his case because he had "not purged himself of those taints." [5]

In his present Motion, Husband requests that the Court reopen the February 16, 2007 Order and all subsequent Orders flowing from it, as well as withdraw the *capiases* against him. Husband further requests a permanent injunction preventing Wife from contacting government agencies or prospective employers. Finally, Husband requests an Order terminating his liabilities with respect to property division and alimony obligations. If the Court should deny such an Order, Husband requests that he be credited with a large amount of money he lost, which he argues is attributable to Wife's fraud, misconduct, and misrepresentations.

Husband argues that he moved to Israel for low-cost medical care and health insurance. He also states that he did not hide his intentions of moving to Israel. He states that he did not receive notice of the

---

2. *Arroyo v. Arroyo*, No. CS02–04531, 05–19501, 06–09053, 06–36770, 06–31418 (Del. Fam.Ct. Aug. 13, 2007).

3. Husband's Motion for Relief from Judgment, ¶ 14.

4. *Arroyo v. Arroyo*, No. SC02–04531, 02–34353, 981 A.2d 559, 2008 WL 6742248 (Del. Fam.Ct. Nov. 17, 2008).

5. *Id.* at *2.

February 16, 2007 hearing, and argues that he should not be held to that Order or any other Order stemming from it. He states that he left for Israel the day before the hearing and arrived in Israel on February 17, 2007. He argues that he cannot follow the Court's Order to surrender his passport, as it is against Israeli law to remain in the country without a passport. He also states that he did not receive notice of the hearing regarding Wife's motions to modify custody and visitation, contempt, and rules to show cause.

He further asserts that Wife perpetrated fraud, misconduct, and misrepresentation, which caused him great hardship in complying with the Court's Orders. He states that Wife refused to lift two *lis pendens* that she placed on his home at in Millsboro.[6] He argues that his mother was unable to sell the property due to the *lis pendens,* and thus was unable to pay child support that would have been paid from the proceeds of the sale. He also asserts that Wife has written letters to agents of Israel and New Zealand which have negatively impacted his ability to gain employment. Without such employment, Husband argues, he is unable to pay his obligations. He states that Wife also sold his car without his permission. He also states that Wife, in conjunction with several businesses, reported income on Husband's tax returns instead of reporting it on her own tax forms. Husband argues that caused him large expenses.

In support of his positions, Husband has submitted several exhibits, including Husband's stamped passport, airline ticket to Israel from Miami, two *lis pendens* filed by Wife against the property in Millsboro, tax forms, and letters written by Wife to the New Zealand Medical Council and an Israel Citizenship Representative, and an email rescinding a job offer.

Wife submitted an Answer/Motion to Dismiss. Wife argues that Husband moved to Israel to escape jail time. She asserts that it is her belief that Husband is now in Sandwichtown, Ontario, Canada. As such, Husband's concern over Israeli law is misplaced. She also argues that he could comply with the Court's Order to surrender his passport by returning to the United States.

Wife admits recording the *lis pendens* on the house at in Millsboro, but asserts it was her right to do so. She further states that there is ongoing litigation in the Court of Chancery over this matter. She denies any misconduct or misrepresentation on her part regarding Husband's car or current employment status. She admits there were problems with the parties' tax forms; however, she denies any misconduct because she promptly corrected the problem once it was brought to her attention.

Wife argues that Husband's Motion should be dismissed because he is a fugitive of the Court, and cannot seek relief from the Court whose authority he evades. She further argues that Husband admits that he can work and his United States medical licenses could be reinstated, thus he could work here, and purge the blemishes on his record.

In his Answer to Wife's Motion to Dismiss, Husband asserts that Wife has not alleged any grounds to dismiss his Motion. He also argues that should Wife's Motion be construed as a request for summary judgment, it should be denied because there are genuine issues of material fact.

The Court agrees with Husband that there are issues of material fact involved in this matter, and will schedule a hearing in order to determine those facts. The Court also notes that after receipt of evidence, it

**6.** To protect the identity of the parties' chil- dren, this address has been removed.

may refuse to accept Husband's pleading, if it finds the *capiases* and finding of contempt were properly issued against him. The Court will consider the matter of the injunction under Rule 65 following the hearing if it accepts Husband's pleading.

**IT IS SO ORDERED.**