*266
 
 Mr. Justice S WAYNE
 

 delivered the opinion of the court.
 

 This is a writ of error to the Circuit Court of the United States for the District of Virginia.
 

 The defendants in error filed in the District Court of the United States for that district a libel of information, under the act of July 17, 1862, to reach, for the purposes of forfeiture and sale, certain real and personal property of McVeigh, a description of which is fully set forth. The original libel was the same,
 
 mutatis mutandis,
 
 as that in the case of Garnett, claimant of certain real estate, against the United States.
 
 *
 
 An amendment was subsequently made, whereby a farther charge was alleged of the offence defined in the sixth section of the act. The plaintiff in error appeared by counsel, interposed a claim to the property, and filed an answer. The attorney of the United States submitted a motion, that the appearance, answer, and claim should be stricken from the files, for the reasons that the respondent was “a resident of the city of Richmond, within the Confederate lines, aud a rebel.” An order was made according to the motion. Subsequently a decree
 
 pro confesso
 
 was taken. The property was condemned as forfeited, and ordered to be sold. The Circuit Court upon error affirmed the decree, and the case is now before us for review.
 

 It is objected that McVeigh was incompetent to sue out this writ of error. Ilis alleged criminality lies at the foundation of the proceeding. It was averred in the libel that he was the owner of the property described, and that he was guilty of the offences charged, which rendered it liable to forfeiture. The questions of his guilt and ownership were therefore fundamental in the case. The notice by publication was given to bring him constructively before the court. It was in the nature of the substituted service of pi’ocess. If he failed to appear, his absence and silence could not affect the validity of the proceedings. After the decree,
 
 fro confesso,
 
 he occupied the same relation to the record as a
 
 *267
 
 defendant against whom a judgment by default lias been taken. The case is wholly unlike a proceeding purely
 
 in rem,
 
 where no claimant is named, and none appears until after the final decree or judgment is entered, and the case has terminated. We entertain no doubt that the plaintiff in error had the right to sue out the writ, and that the record is properly before us for examination.
 

 In our judgment the District Court committed a serious error in ordering the claim and answer of the respondent- to be stricken from the files. As we are unanimous in this conclusion, our opinion will be confined to that subject. The order in effect denied the respondent a hearing. It is alleged that he was in the position of an alien enemy, and hence could have no
 
 locus standi
 
 in that forum. If assailed there, he could defend there. The liability and the right are inseparable. A different result would be a blot upon our jurisprudence and civilization. We cannot hesitate or doubt on the subject. It would be contrary to the first principles of the social compact and of the right administration of justice.
 
 *
 

 Whether the legal
 
 status
 
 of the plaintiff in error was, or was not, that of an alien enemy, is a point not necessary to be considered; because, apart from the views we have expressed, conceding the fact to be so, the consequences assumed would by no means follow. Whatever may be the extent of the disability of an alien enemy to sue in the courts of the hostile country,
 
 †
 
 it is clear that he is liable to be sued, and this carries with it the right to use all the means and appliances of defence. In Bacon’s Abridgment,
 
 ‡
 
 it is said: “For as an alien may be sued at law, and may have process to compel the appearance of his witnesses, so he may have the benefit of a discovery.”
 

 
 *268
 
 The judgment of the District Court is reversed, and the cause will be remauded to the Circuit Court with directions to proceed in it
 

 In conformity to law.
 

 *
 

 See
 
 supra,
 
 256.
 

 *
 

 Calder
 
 v.
 
 Bull, 3 Dallas, 388; Bonaker v. Evans, 16 Adolphus & Ellis, N. S. 170; Capel
 
 v.
 
 Child, 2 Crompton & Jervis, 574.
 

 †
 

 Clarke
 
 v.
 
 Morey, 10 Johnson, 69; Russel
 
 v.
 
 Skipwith, 6 Binney, 241.
 

 ‡
 

 Title Alien, D; see also Story’s Equity Pleadings,
 
 §
 
 53; Albrecht
 
 v.
 
 Sussmann, 2 Vesey
 
 &
 
 Beams, 323; Dorsey
 
 v.
 
 Kyle et al., 30 Maryland 512, 522