**Ronnie SCHMIDT, Respondent Below, Appellant,**

v.

**Lisa A. SCHMIDT, Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted: July 7, 1992.
Decided: July 22, 1992.
Rehearing Denied Sept. 10, 1992.

 

part of the Trial Judge. The appellee-wife ("Wife") in addition to answering the merits of Husband's claim, has moved to dismiss the appeal on the ground that Husband is the subject of an outstanding capias for his arrest for failure to comply with a Family Court order. We decline to permit Husband to pursue this appeal while in defiance of an order of the trial court.

I

In view of our decision to dismiss the appeal, we recount only those facts material to Husband's conduct in the Family Court. Among the disputed issues in the property division proceeding in the Family Court was the entitlement to certain funds jointly owned by the parties during the marriage. Although the parties were subject to the standard preliminary injunction prohibiting the transfer or concealing of marital property pending a property division as required by 13 *Del.C.* § 1509(a)(1), Husband transferred approximately $186,000 in various joint accounts to his own name. At the time of the property division hearing, Husband testified that he was holding approximately $145,000 cash in a safe deposit box at a bank in Massachusetts. Earlier, in deposition testimony, Husband had denied holding cash in a safe deposit box.

At the conclusion of the evidence at the May 3, 1991 property hearing the Family Court reserved decision as to the property division but the Trial Judge, obviously concerned about Husband's unauthorized retention of marital funds, ordered Husband to place $140,000 in escrow with the Husband's attorney for deposit in an interest bearing account pending further order of the court. On May 6, Husband wrote to the Trial Judge advising the court that Husband had terminated the services of his counsel. The Trial Judge advised Husband that he would not approve the withdrawal of counsel until the court had rendered its decision. The court also reminded Husband of his obligation to place $140,000 in

Ronnie Schmidt, pro se.

Alan N. Cooper, Berkowitz, Schagrin, Coonin & Cooper, P.A., Wilmington, for appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

WALSH, Justice:

This is an appeal from a property division determination of the Family Court following a divorce. The appellant-husband ("Husband")[1] appearing *pro se*, contends that the Family Court's decision was arbitrary and the result of prejudice on the

1. Although the parties are divorced, for convenience we refer to them as "Husband" and "Wife."

escrow. On May 13, Husband again wrote to the Family Court to advise that his present wife had left him after having withdrawn "all of the funds that we had." Husband enclosed a check "for everything I have in my account" in the amount of $240.85. The Trial Judge then set a hearing for May 21, on a petition by Wife to hold Husband in contempt for failure to establish the escrow. Husband failed to appear at that hearing whereupon the Trial Judge entered a finding of contempt and issued a capias for his arrest.

On June 27, the Family Court received a letter from Husband's attorney which indicated that he had received $100,000 from Husband for placement in escrow. Because Husband's action did not represent full compliance with the Family Court's outstanding order the court refused to rescind the contempt determination or withdraw the capias. The Family Court rendered its property division decision on July 8 and Husband appealed to this Court. Shortly after the filing of the appeal, Husband's counsel was granted leave to withdraw and Husband has pursued this appeal *pro se.*

Subsequent to the filing of Husband's opening brief Wife moved to dismiss the appeal on the ground that Husband was not entitled to pursue this appeal while he continued in contempt of the Family Court and remained a fugitive. This Court denied the motion to dismiss without prejudice because it did not appear that Husband had fled the jurisdiction. However Husband was directed to address the issues raised by the motion to dismiss in his reply brief. *Schmidt v. Schmidt,* Del.Supr., No. 302, 1991, Holland, J. (March 19, 1992) (ORDER).

## II

■ It clearly appears from the record of the trial court and the submissions of the parties in this Court that Husband has failed to comply with an order of the Fami-

ly Court which has not been stayed pending appeal. Not only has Husband violated that order, he has refused to appear as directed to show cause why he should not be held in contempt. That refusal has, in turn, resulted in a capias for his arrest. At present he is, therefore, in defiance of a court order and a fugitive from justice. Although directed to respond to the motion to dismiss and explain his status, Husband argues that, in effect, he has complied with the Family Court order by depositing such part of the disputed funds as he believes the Wife is entitled to receive. In any event, Husband contends the Family Court's order is based on prejudice and error and he is thus entitled to ignore it. Husband does not dispute the Wife's claim that the Delaware address he has listed for service is simply a mail drop and that he actually resides in Massachusetts.[2]

■ Absent a stay, or injunction pending appeal, a judgment of the Family Court is enforceable against the party taking the appeal. Supr.Ct.R. 32. The authority of the trial court pending appeal, includes enforcement of a contempt order. *See Farmhand Inc. v. Anel Engineering Industries,* 5th Cir., 693 F.2d 1140 (1982). A stay must be sought in the first instance in the Family Court, Family Ct.R. 62(c), whose decision is reviewable on appeal. Supr.Ct.R. 32. Husband has not sought a stay or otherwise responded to the contempt citation in the Family Court. He has, instead, determined for himself the extent to which he should comply with the Family Court's direction to establish the escrow of $140,000. In this Court he has pursued his appeal without entering the State through the device of a mail drop arrangement, thus avoiding further enforcement of the contempt finding and capias.

■ An appellate court, in the exercise of its inherent authority, may decline to entertain an appeal by a person who stands in contempt in the proceedings sought to be appealed. 17 Am.Jur.2d CONTEMPT

---

**2.** In an appendix filed with his reply brief, Husband claims to possess a Delaware driver's license and be registered to vote in Delaware. The driver's license carries the address of the

former marital home, now owned by Wife. His voting registration is irrelevant to the question of whether he has avoided arrest by his absence from the State.

§ 226. This Court has recognized the "ancient rule" that "until one purges himself of a contempt, he may be prevented from going forward with his case." *DuPont v. DuPont*, Del.Supr., 103 A.2d 234, 239 (1954). Although *DuPont* addressed the status of the contemnor at the trial level, this Court, in a criminal context, has held that an escapee has no right to invoke the appellate process while he remains a fugitive. *Redden v. State*, Del.Supr., 418 A.2d 996 (1980).

A litigant who displays defiance to a court by refusing to comply with its order should not be permitted to appeal that order while persisting in his defiance. *Greenwood v. Greenwood*, 191 Conn. 309, 464 A.2d 771 (1983). The processes of the appellate court are available to one who recognizes his responsibility to obey court orders while they remain in effect. A litigant is not free to determine to what extent he will comply with the law. In this case, Husband cannot determine for himself the manner and degree of compliance with a valid order of the Family Court. If he decides to work outside the judicial process he forfeits his entitlement to such process.

Our dismissal of this appeal is not to be construed as a ruling that one held in contempt may not seek review of the contempt determination as well as review of the underlying controversy. Husband has not sought to appeal the contempt finding and he possesses the opportunity to purge himself of contempt by compliance with the outstanding order of the Family Court. Until he does so, he may not contest the merits of the underlying controversy.

We conclude that Husband by his conduct has forfeited his right to the appellate process and we decline to address the merits of his claims. Accordingly, the motion to dismiss the appeal is granted.