Rockingham
No. 2000-147

ANNETTE B. DEMAURO

v.

JOSEPH M. DEMAURO

Argued: February 6, 2002
Opinion Issued: March 8, 2002

*Tober Law Offices, P.A.*, of Portsmouth (*Heidi E. Shealy* and *Stephen L. Tober* on the brief, and *Mr. Tober* orally), and *S. James Boumil*, of Lowell, Massachusetts, on the brief and orally, for the plaintiff.

*Sanders & McDermott, P.L.L.C.*, of Hampton (*Lawrence M. Edelman* on the brief and orally), *Barron & Stadfeld, P.C.*, of Boston, Massachusetts (*Bernard A. Dwork* on the brief), and *Zevnik Horton Palmer, L.L.P.*, of Boston, Massachusetts (*Kathleen M. Morrissey* on the brief), for the defendant.

DALIANIS, J. In this divorce proceeding, the defendant, Joseph M. DeMauro, appeals an order of the Superior Court (*Murphy*, J.) awarding the plaintiff, among other things, thirty-five million dollars in marital assets and alimony of twenty thousand dollars per month. He argues that the superior court's valuation of the marital assets was erroneous because it relied upon remote and speculative evidence. The plaintiff moves to dismiss the appeal on the ground that the defendant remains in contempt of various superior court orders relating to the divorce action. Having carefully considered the parties' arguments and the circumstances involved, we dismiss the defendant's appeal.

This is the second time this case has reached us on appeal. *See DeMauro v. DeMauro*, 142 N.H. 879 (1998) (*DeMauro I*). In summarizing the relevant facts of this case, we incorporate by reference the facts detailed in *DeMauro I*.

In *DeMauro I*, we held that the defendant had the right to assert his privilege against self-incrimination relative to certain questions regarding his financial condition, and remanded the case for further proceedings. *Id.* at 886. We noted that "[t]he defendant's assertion of privilege, however, cannot be used as a means of preventing the orderly resolution of civil matters and deprive the plaintiff of her rights." *Id.* at 887 (quotation and brackets omitted). Thus, we stated that the trial court, among other things, could order the defendant to execute consent waivers or authorizations consistent with those permitted in federal cases for the

purpose of discovering his assets. *See id.* at 888; *Doe v. United States*, 487 U.S. 201, 215-16 (1988).

In *Doe v. United States*, the Supreme Court held that a court order requiring a defendant to execute consent forms directing banks to release any records regarding assets he may hold did not violate his right against self-incrimination protected by the Fifth Amendment. *See Doe*, 487 U.S. at 219. The Court reasoned that executing the form did not violate his constitutional rights because it was not testimonial in nature since "neither the form, nor its execution, communicates any factual assertions, implicit or explicit, or conveys any information to the Government." *Id.* at 215.

On remand, the trial court ordered the defendant to produce records and to execute authorizations for the purpose of discovering assets, but he refused to do so. Eventually, the trial court appointed a receiver to execute the waivers in an attempt to ascertain the defendant's actual financial situation. The receiver was, however, unable to verify many of the defendant's assets, including assets believed to be kept in foreign financial institutions.

At a hearing on the merits, given the lack of current information regarding the defendant's financial status, the plaintiff was allowed to introduce, over the defendant's objection, an extrapolation of historical data together with projections of the defendant's then current financial situation. This extrapolation, prepared by her expert, was based upon bank records the plaintiff had in her possession.

In its divorce decree, dated February 4, 2000, the trial court noted that the defendant was found to be in contempt for, among other things, failing to produce court-ordered authorizations to determine his financial status, and for failing to provide temporary support to the plaintiff. As a result, warrants were issued for the defendant's arrest. In addition, the court found that

> the defendant ha[d] indicated to the plaintiff that unless she acceded to his offers for the payment of alimony and division of marital property, she w[ould] never receive anything from him and that he would continue, with the aid of his vast financial resources, to avoid service of process and arrest, a threat which has proven to be all too accurate to date.

> . . . .

> The defendant ha[d] been engaged in a continuing and calculated effort to conceal the true extent of his business and personal assets by investing monies in off-shore accounts and in various foundations formed in foreign jurisdictions.

The trial court awarded the plaintiff thirty-five million dollars, which it determined was no more than fifty percent of the value of the marital assets and represented a "fair and equitable division of the parties' marital property to the extent that the marital assets are known in light of defendant's refusal to disclose their extent." In addition, the trial court awarded the plaintiff alimony in the amount of $20,000 per month for five years.

On appeal, the defendant argues that the trial court's valuation of the marital assets was erroneous because it relied upon evidence that was remote and speculative. He also argues that the trial court penalized him for exercising his right to remain silent. The plaintiff argues, however, that the defendant's appeal must be dismissed because he continues to stand in contempt of trial court orders, specifically, his failure to pay spousal support or to comply with the court's order to execute authorizations for financial records. For the reasons discussed below, we dismiss the appeal.

The issue of whether an appellate court may dismiss a civil appeal when the appellant is in contempt of a trial court order is a question of first impression for this court. We have, however, addressed the issue in the context of criminal appeals, *see State v. Patten*, 134 N.H. 319 (1991), holding that "when a defendant escapes from confinement and remains a fugitive from justice, he or she has forfeited the right to appellate review." *Id.* at 321. A number of jurisdictions that have addressed this issue as to civil matters have held that an appellate court may dismiss an appeal by a party who has refused to comply with a trial court order. *See, e.g., TMS, Inc. v. Aihara*, 83 Cal. Rptr. 2d 834, 834-35 (Ct. App. 1999); *Schmidt v. Schmidt*, 610 A.2d 1374, 1376-77 (Del. 1992); *Keidaish v. Smith*, 400 So. 2d 90, 91 (Fla. Dist. Ct. App. 1981); *Prevenas v. Prevenas*, 227 N.W.2d 29, 29-30 (Neb. 1975). The rationale underlying these decisions is that "it violates the principles of justice to allow a party who flaunts the orders of the courts to seek judicial assistance." *D'Aston v. D'Aston*, 790 P.2d 590, 593 (Utah Ct. App. 1990).

For example, in *Schmidt*, the court dismissed an appeal challenging a trial court's division of property where the appellant failed to comply with a trial court order to place a specified sum of money in escrow pending the division of property. *See Schmidt*, 610 A.2d at 1375-76. In its discussion, the court noted that the appellant was in defiance of a trial court order and a fugitive from justice, avoiding enforcement of the contempt finding and capias outstanding against him. *See id.* at 1376. Under the circumstances, the court held that because the appellant did not challenge the contempt finding or purge his contempt, he would not be allowed to contest the merits of the underlying case. *See id.* at 1377. Critical to its reasoning was that "[t]he processes of the appellate court are available to one who

recognizes his responsibility to obey court orders while they remain in effect." *Id.*

Relying upon federal case law from both the Supreme Court and the United States Court of Appeals for the First Circuit, the defendant contends that we cannot dismiss his appeal. The authorities cited by the defendant are, however, inapposite. First, *Hovey v. Elliott*, 167 U.S. 409 (1897), and *McVeigh v. United States*, 78 U.S. 259 (1870), did not address an appellate court's authority to dismiss an appeal of a party found in contempt of a trial court order. Rather, these cases addressed situations in which the trial court prevented a defendant, because of his status, from defending initially against claims brought against him. *See Hovey*, 167 U.S. at 411-12 (defendant found in contempt not allowed to defend against action); *McVeigh*, 78 U.S. at 266-67 (alien enemy of the United States not allowed to defend against libel of information seeking to reach his property because he was a rebel residing behind confederate lines). It was the initial deprivation of the defendant's right to defend himself, akin to due process, which was at issue in *McVeigh* and *Hovey*.

In *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1097 (1st Cir. 1992), the United States Court of Appeals for the First Circuit did address the issue of whether a party's appeal must be dismissed because of its failure to obey a trial court order and failure to purge its contempt in the trial court. That case is factually distinguishable, however, because the appellant was challenging the contempt ruling as well as the underlying decree. *See id.* at 1084, 1097-98.

■ A party who is in contempt of a trial court order cannot be permitted to adjudicate the merits of a case from which the contempt finding arose if the contempt is neither purged nor challenged on appeal. "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." *MacPherson v. MacPherson*, 89 P.2d 382, 385 (Cal. 1939). We hold that in limited circumstances, an appeal in a civil case may be dismissed if the appellant has failed to comply with an order of the trial court that relates directly to the issues raised by the appellant on appeal, and the issue of contempt is not being appealed. When a party has consciously and deliberately disregarded a trial court order that has direct bearing upon an issue for which that party seeks relief, we may exercise our discretion to dismiss.

We stress that our decision today should not be interpreted as preventing a party who has been found in contempt from appealing the

contempt ruling as well as the merits of the underlying case. Nor should it be read as encouraging interlocutory appeals of contempt rulings.

In this case, the defendant refused to comply with various trial court orders, including one to execute consent forms for the purpose of ascertaining his financial status. While he disputes whether the trial court ever found him in contempt for failing to execute these waivers, our review of the record indicates that he was found in contempt. Further, the defendant, while in contempt, did not attend the final divorce hearings. To date, the trial court has not made a finding that the defendant has purged that contempt. His actions overall reflect a pattern of conduct intended to thwart an equitable distribution of the marital estate to the detriment of the plaintiff.

█ We stated clearly in *DeMauro I* that "[h]aving asserted his privilege, the defendant cannot be heard to argue that the disposition [of the marital property] was unequal when the defendant has effectively prevented the trial court from being able to determine whether the disposition was in fact equal or not." *Id.* at 889 (brackets and ellipsis omitted). In the present appeal, the defendant attempts to challenge precisely the outcome that he could have prevented, for it is his contempt for failing to execute authorizations that is potentially dispositive of the issue about which he complains. Given these circumstances, we will not permit the defendant to seek the assistance of the judicial process while he refuses to comply with its orders. Accordingly, we conclude that the defendant has forfeited the right to appellate review of the merits in this case and dismiss his appeal.

*Appeal dismissed.*

NADEAU and DUGGAN, JJ., concurred.