JAIME ANDREWS,[1] Respondent Below-Appellant,
v.
DANIEL ANDREWS, Petitioner Below-Appellee.
No. 108, 2006,
No. 479, 2007.
Supreme Court of Delaware.
Submitted: June 20, 2008.
Decided: September 24, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 24th day of September 2008, upon consideration of the opening brief and the record on appeal, it appears to the Court that:
(1) Daniel Andrews (Father) filed the appeal in No. 108, 2006 on February 27, 2006 seeking review of a Family Court judgment on matters ancillary to the parties' divorce. We affirmed the Family Court's judgment with respect to issues of property division, alimony, and attorneys fees but remanded for further proceedings with respect to the Family Court's child support ruling.[2] Following remand, the Family Court held a hearing and ultimately reduced Father's child support obligation for the parties' three children from $2351 per month to $2308 per month. Father indicated his intention not to appeal the ruling further. Jaime Andrews (Mother) moved to dismiss the appeal and requested the imposition of sanctions. While awaiting preparation of the transcript of the hearing on remand, Mother filed her own appeal from a Family Court judgment disposing of other petitions involving the parties. Mother then requested that the two appeals be consolidated. Briefing on appeal has been completed.[3] This is the Court's decision.
(2) The litigation between Mother and Father has been long and contentious. The parties were married for ten years and were divorced in 2002. They have three daughters. Initially, the Family Court awarded joint custody of the girls to both parents with primary residential placement with Mother. In December 2005, the Family Court issued its decision disposing of the ancillary matters. The trial court awarded Mother $2282.11 per month in alimony, $2351 per month in child support, $10,000 in attorneys fees, and $23,808.27 as her equitable share of the marital estate. We affirmed the decision on appeal except for the award of child support. With respect to that issue, we remanded for further proceedings, which ultimately led to a slight reduction in Father's monthly child support obligation from $2351 to $2308 per month.
(3) Shortly after the Family Court entered its ancillary decision, Father fell behind on his support obligations. Mother filed several contempt/arrears petitions. The Family Court found Father in arrears and ordered his income to be attached. In September 2006, Father filed a petition to modify his child support obligation, alleging that, due to his own depression and anxiety, he had been forced to close his private practice as a psychiatrist. A Family Court Commissioner held a hearing on January 29, 2007 on Father's petition to modify. At the hearing Father presented several witnesses, including experts who testified that, due to Father's depression and anxiety, he could not maintain his private psychiatric practice. Mother testified at the hearing but presented no witnesses. Mother and the attorney who appeared for the Division of Child Support Enforcement essentially argued that Father's condition had been contrived for the purpose of avoiding his support obligations. The Commissioner reserved decision.
(4) On February 6, 2007, Mother filed an emergency petition alleging that Father was in contempt of the Family Court's ancillary judgment and that Father was planning to flee the country. The Family Court granted the contempt petition, directed Father not to leave the country, and ordered Father to surrender his passport by February 20, 2007. When Father failed to surrender his passport by the deadline, the Family Court issued a warrant for his arrest. As a consequence, Mother filed a petition for a rule to show cause and a petition to modify child custody and visitation. After granting interim relief, the Family Court scheduled a hearing on both petitions for May 16, 2007.
(5) In the meantime, the Family Court Commissioner issued its decision on Father's petition to modify child support. The Commissioner found that Father's emotional condition prevented him from earning his maximum income potential but further concluded that Father was capable of working. The Commissioner attributed an annual income to Father of $101,340, the median income of a psychiatrist practicing in Delaware. This finding reduced Father's child support obligation from $2308 per month to $1129 per month. Mother sought review of the Commissioner's order by a Family Court judge. After holding a hearing on May 16, 2007 on Mother's petitions to modify custody and for a rule to show cause, the Family Court issued an order resolving both of Mother's petitions, as well as her request for review de novo from the Commissioner's ruling on Father's petition. The Family Court granted Mother's petition for a rule to show cause, entering a judgment in her favor of $78,921.09 and also granted her petition for sole custody of the parties' children. The Family Court also affirmed the Commissioner's decision to reduce Father's child support obligation due to the expert testimony reflecting that Father was incapable of maintaining his private psychiatric practice. Mother appeals that judgment.
(6) Mother's opening brief in support of her appeal sets forth two, multi-part, related arguments. The gist of Mother's arguments are that the Family Court erred by: (i) affirming the Commissioner's order reducing Father's child support obligation because Father was in contempt of the Family Court's previous child support order and because Father had fled the jurisdiction of the Court; and (ii) allowing Father to self-diagnose his disability in order to reduce his child support obligation and by allowing Father's voluntary abandonment of his psychiatric practice to support a reduction in his child support obligations.
(7) The Family Court reviews de novo those portions of a Commissioner's order to which objection is made and may accept, reject or modify the order in whole or in part, and may receive further evidence, if requrested, or remand the matter to the Commissioner with instructions.[4] This Court's review of an appeal from the Family Court extends to a review of the facts and the law.[5] If the Family Court has applied the law correctly and has made no factual finding that is clearly wrong, the standard of review is abuse of discretion.[6]
(8) In this case, we find no abuse of the Family Court's discretion in affirming the Commissioner's reduction of Father's child support obligation. The uncontroverted expert testimony presented at the hearing before the Commissioner established that Father was unable to maintain his private psychiatric practice. While Mother contends that Father's abandonment of his profession was based solely on his own self-diagnosed depression, the record reflects otherwise. The Commissioner heard opinions from a licensed psychiatrist and a licensed clinical social worker who treated Father for his depression. Both opined that Father's current medical condition rendered him incapable of maintaining his private psychiatric practice. Mother offered no contrary medical opinions, and her own contentions in support of her custody petition pointed out Father's bizarre and erratic behavior, which, she argued, rendered him incapable of caring for his children.
(9) Despite the uncontroverted medical evidence supporting Father's contention that he could not maintain his private practice, the Commissioner nonetheless attributed income to Father on the ground that Father still was capable of earning a living, though not in a private psychiatric setting. The attribution of income to a parent who is unemployed or underemployed is permissible under the Melson Formula.[7] Under the circumstances, we find no abuse of discretion in the Commissioner's attributing income to Father comparable to the earning capacity of the average psychiatrist in Delaware.[8]
(10) Furthermore, we disagree with Mother's contention that Father's fugitive status should prevent him from obtaining affirmative relief from the Family Court's original child support order. Mother is correct in her assertion that a litigant who displays defiance of a court by refusing to comply with its order should not be permitted to seek affirmative relief.[9] Father was not a fugitive at the time he filed his petition to modify the child support order, however. Moreover, his petition to modify was predicated upon uncontroverted medical testimony that he was unable to continue his private psychiatric practice. Father's subsequent fugitive status does not automatically entitle Mother to the relief she seeks. The Commissioner's order is still a matter for the Family Court to review applying the appropriate legal standards. In this case, the Family Court applied the correct standards and its findings are supported by the record.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] Upon motion by Jaime Andrews, the Court consolidated these appeals. Pseudonyms were assigned to the parties pursuant to Supreme Court Rule 7(d).
[2] Andrews v. Andrews, No. 108, 2006, Holland, J. (Del. Dec. 5, 2006).
[3] After indicating Father's intent not to appeal the ruling on remand in No. 108, 2006 any further, Father's counsel was permitted to withdraw. Father does not have counsel in case No. 479, 2007 and has not filed an answering brief on appeal.
[4] Del. Cod. Ann. tit. 10, § 915(d)(1); Fam. Ct. Civ. R. 53.1(e).
[5] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[6] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[7] Sentner v. Sentner, 799 A.2d 1154, 1159 (Del. 2002).
[8] Id. at 1161.
[9] Schmidt v. Schmidt, 610 A.2d 1374, 1377 (Del. 1992).