# IN THE SUPREME COURT OF THE STATE OF DELAWARE

GENE M. DASKIN, §
§ No. 513, 2017
Respondent Below, §
Appellant, § Court Below: Family Court
§ of the State of Delaware
v. §
§ File No.: CN17-03287
GRETCHEN KNOWLES, § Petition No.: 17-16093
§
Petitioner Below, §
Appellee. §

Submitted: June 13, 2018
Decided: August 20, 2018

Before **STRINE,** Chief Justice; **VAUGHN** and **SEITZ,** Justices.

Upon appeal from the Family Court. **VACATED IN PART, REVERSED IN PART AND REMANDED**.

Gretchen S. Knight. Esquire, and Jill Spevack Di Sciullo, Esquire, Morris James LLP, Wilmington, Delaware, and Leslie B. Spoltore, Esquire, Obermayer, Maxwell, Rebmann & Hippel, LLP, Wilmington, Delaware, for Appellant.

Patrick J. Boyer, Esquire, and Marie I. Crossley, Esquire, MacElree Harvey, Ltd., Centreville, Delaware, for Appellee.

**VAUGHN**, Justice:

This is an interlocutory appeal in a Family Court divorce proceeding. The petitioner in the Family Court is the wife, Gretchen Knowles ("the wife").[1] The respondent/husband, Gene Daskin ("the husband"), is a Greek citizen residing in Greece. The appeal comes from the husband. He raises two claims: (1) the Family Court erred in finding it had subject matter jurisdiction over the wife's divorce petition because she was not a Delaware resident for six consecutive months prior to the filing of the petition; and (2) the Family Court erred in finding that service of process upon him was sufficient without requiring that service be properly made under the Hague Service Convention.

### FACTS AND PROCEDURAL HISTORY

The wife is a dual citizen of the United States and Greece. She was born in Wilmington and resided with her mother at her mother's Wilmington home prior to the parties' marriage. They married in Wilmington in 1990, and from then until November 2015, resided together in Greece.

Throughout the marriage, the wife traveled frequently between the United States and Greece. In November 2015, she traveled to Delaware for what she states

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

2

in an affidavit was a permanent move back to this state because of marital difficulties between she and her husband. She moved into her mother's house and still resides there. Her mother is now deceased. She states that her mother's house is to be sold and she has bought another house in Wilmington to live in once her mother's house is sold. She states that she returned to Greece from December 2016 to January 2017 to celebrate the Christmas holiday with her children and friends. She then returned to Delaware. On March 19, 2017 she returned to Greece to attend the funeral of her husband's mother. She explains that in the Greek Orthodox Church, the mourning process includes the funeral and then a memorial service held 40 days after the funeral. She returned to Delaware May 16, 2017. She has health insurance in Delaware and a vehicle which is registered in Delaware. She is a Delaware taxpayer, maintains a Delaware driver's license, and is registered to vote in Delaware.

The husband contends that the time the wife has spent in Delaware since 2015 is temporary and for limited purposes. He contends she was not a resident of Delaware for the six months preceding the filing of her divorce petition. In his affidavit, the husband states that the wife pays taxes in Greece, has a Greek social security number, has a Greek identity card and has accounts in Greek banks. He also states that the wife continues to maintain a private marketing business out of

3

their home in Greece. He states her trip to the United States on May 16, 2017 was to see their son graduate from an American University. He also states that the wife's presence in Delaware was for the temporary purpose of caring for her mother and visiting their sons, both of whom attended American universities. The wife owns several properties in Greece. The husband's position is that she is a resident of Greece, not Delaware.

The wife filed her petition for divorce on May 30, 2017. Service of process upon the husband was made by mailing and publication in accordance with 13 *Del. C.* § 1508(b). Specifically, the summons and a copy of the petition were mailed to the husband care of his place of business in Greece. Publication occurred in the Wilmington News Journal.

The husband moved to dismiss the divorce petition on June 20, 2017, arguing that the Family Court lacks jurisdiction because the wife was not a resident of Delaware for six months preceding the filing of the petition and that service upon him was insufficient because it was not made in accordance with the requirements of The Hague Service Convention.

The wife filed a response in opposition to the motion, claiming that Delaware has subject matter jurisdiction over her divorce because she has been a Delaware domiciliary since November 3, 2015. In addition, she argued that the husband has

4

been properly served under 13 *Del. C.* § 1508(b). She also argued that she had attempted and was continuing to attempt to serve the husband personally at his Greek residence in accordance with Greek law, but he was refusing to answer the door. As to that effort, the record shows that initially a Greek process server went to the wrong address in Greece and, not finding anyone there, posted the service documents on the door. This was followed by mailing a copy of the documents to the same wrong address. It was subsequently discovered that the address was wrong because of a translation error. The process server then went to the correct address, and, apparently again not finding anyone there, posted the documents to the door, followed by mailing to that address. The husband disputes that service in this manner was ever made upon him.

When she responded to the husband's motion to dismiss, the wife also filed a "Motion to Approve a Special Process Server and Approve Alternate Means of Service." In that motion, she asked the court to approve service "through either a) hand-delivering a copy of the Petition for Divorce to opposing counsel, b) providing Husband a copy of the Petition for Divorce via email and certified mail or c) authorizing service through O'Rourke Investigative Services and/or Crowe Foreign

5

Services."[2]

On August 8, 2017, a Family Court Commissioner denied the husband's motion to dismiss. He also ruled that the wife's motion for alternate service or a special process server was moot because the husband had been properly served. The Commissioner ordered the husband to file an answer within twenty days. The husband then filed a motion appealing the Commissioner's decision to a Judge and requesting a stay of the order that he file an answer within twenty days. Shortly thereafter, he filed a "Motion to Amend and Supplemental Motion to Stay Commissioner's Order Regarding Filing of Answer to Petition for Divorce." The wife filed a response opposing those motions.

In the meantime, the wife filed a motion for interim relief. In that motion she requested alimony, attorney's fees, and other interim relief. The other relief requested included an order requiring the husband to dismiss a petition for divorce he filed in Greece and enjoining him from filing any future divorce petitions in any jurisdiction other than Delaware. The wife also filed a "Motion for Priority Scheduling and Amended Motion for Interim Relief." In his motion to amend, mentioned above, the husband opposed the wife's motion for interim relief. The

---

[2] App. to Appellant's Opening Br. at A-70.

husband also filed a "Motion for Leave of Court to File a Reply to Response to Respondent's Request for Review of Commissioner's Order and a Motion to Strike Motion for Priority Scheduling and Amended Motion for Interim Relief."

In an order dated November 1, 2017, the Family Court Judge denied the husband's appeal. He found that the wife's affidavit established that she is a Delaware resident who actually resided in Delaware for six or more months before the filing of her petition and that the husband had been duly served under 13 *Del. C.* § 1508(d). He denied the husband's motion for a stay and ordered that the wife could proceed with her divorce since no answer had been filed to the divorce petition within twenty days of the Commissioner's order. He further ordered the husband to file a response to the wife's motion for interim relief by November 20, 2017. Finally, he enjoined the husband from seeking a divorce in Greece.

According to the Family Court docket, two days later a final divorce decree was issued and jurisdiction was retained for ancillary matters.

The husband applied for certification of an interlocutory appeal of the Family Court's November 1, 2017 order. The Family Court certified the interlocutory appeal, and this Court accepted it.

**STANDARD OF REVIEW**

This Court's review of appeals from the Family Court extends to review of the

7

facts and the law. If the Family Court has applied the law correctly, the standard of review is abuse of discretion."[3] "We will not disturb inferences and deductions that are supported by the record and that are the product of an orderly and logical deductive process."[4]

## DISCUSSION

We begin by discussing two issues raised by the wife. She claims that we do not have jurisdiction over this interlocutory appeal because the Family Court's November 1, 2017 order and the divorce decree are final, not interlocutory, orders. She relies upon 13 *Del. C.* § 1518, which provides that "[a] decree granting or denying a petition for divorce or annulment is final when entered, subject to the right of appeal" and our Rule 42[5] governing interlocutory appeals. Since the divorce decree is a final order, the argument goes, there is no jurisdiction to hear an appeal under Rule 42 because that rule is limited to interlocutory appeals.

This argument was not made in the Family Court during the procedure for certification of an interlocutory appeal. It is made for the first time here in this Court. While it is true that a divorce decree is final when entered, jurisdiction was retained in this case for deciding ancillary matters. A final Family Court judgment

---

[3] *Gordon v. Collins*, 2004 WL 3220295, at *2 (Del. 2004) (citations omitted).
[4] *Stewart v. Stewart*, 41 A.3d 401, 403–04 (Del. 2012).
[5] Supr. Cr. R. 42.

8

for appeal purposes would come into existence only after the Family Court ruled upon the ancillary matters. Since the Family Court has not ruled upon the ancillary matters over which it retained jurisdiction, this is an interlocutory appeal. The wife's claim that we lack jurisdiction to hear this appeal is rejected.

She also argues that the appeal should be dismissed because the husband is in contempt of the Family Court's November 1, 2017 order by having prosecuted, and continuing to prosecute, his petition for divorce in Greece. She relies upon *Schmidt v. Schmidt*.[6] That case also involved an appeal from Family Court. The husband was the appellant. In the proceedings in Family Court, the judge found the husband in contempt for failure to comply with a Family Court order. When he filed his appeal, he was the subject of an outstanding capias for his arrest issued by the Family Court when it found him in contempt. In dismissing the appeal, this Court commented that "Husband has failed to comply with an order of the Family Court which has not been stayed pending appeal."[7] This Court also commented that the husband was "in defiance of a court order and a fugitive from justice."[8]

In this case there has been no finding that the husband is in contempt of a Family Court order, and the Family Court order at issue (the November 1, 2017

---

[6] 610 A.2d 1374 (Del. 1992).
[7] *Id.* at 1376.
[8] *Id.*

9

order) was stayed by the Family Court when it certified the appeal. These factors distinguish *Schmidt v. Schmidt*. The wife's argument that the appeal should be dismissed because of alleged contempt by the husband is rejected.

We now move to the husband's contentions. The Family Court has jurisdiction over divorce actions "where either petitioner or respondent, at the time the action was commenced, actually resided in [Delaware] . . . continuously for 6 or more months immediately preceding the commencement of the action."[9] "This Court [has] rejected a 'laundry list' approach to determining domicile and reaffirmed the use of a 'deep roots' analysis."[10] To establish domicile in Delaware a party needs to:

> actually abandon his previous residence with no intention of returning, coupled with the further intent of making Delaware a permanent home. . . . [N]o one factor is dispositive. . . . Instead, 'the totality of circumstances [must] clearly [show] an integration into the chosen locale of residency, making it advantageous to remain and disadvantageous to leave. . . .'[11]

The Family Court did not simply deny the husband's motion to dismiss for lack of jurisdiction on this ground. It went further and determined that the wife had in fact met the statutory requirement. We do not understand this ruling because at

---

[9] 13 *Del. C.* § 1504.
[10] *Bruce E.M. v. Dorothea A.M.*, 455 A.2d 866, 869 (Del. 1983) (citing to *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1203 (Del. 1979)).
[11] *Bruce E.M.*, 455 A.2d at 869 (quoting *Wife (J.F.V.)*, 402 A.2d at 1204).

best the record below on the point was contested. In fact, the wife admits that she spent more days outside of Delaware in the six-month period before she filed for divorce that she did within Delaware, that a majority of those days were spent in Greece, and that she shared the same bedroom with her husband in their long-standing marital home in Greece for over a month during this period. In fact, that period ended on the very date the wife says that the parties separated. Given this record, the husband makes a colorable argument that his motion to dismiss should have been granted. After all, the plain language of 13 *Del. C.* § 1504 requires that the wife have lived in Delaware continuously for 6 months before filing for divorce, and someone who lived more than half of that period outside Delaware would not seem to qualify. Even if we do not give the traditional weight to the statute's plain language and suppose that the wife may have created enough of a basis to avoid a motion to dismiss if one focuses solely on her alleged side of the story, it is plain to us that a material issue of fact existed and that there was no basis for the Family Court to resolve this issue conclusively without an evidentiary hearing. We therefore vacate this ruling and require that any consideration of the issue of subject matter jurisdiction be revisited on a fresh basis, to the extent that the wife serves the husband properly and establishes a basis for personal jurisdiction over him.

We next address the husband's contention that service of process was

11

insufficient because it was not performed in accordance with the Hague Service Convention. The Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Hague Service Convention) seeks to "simplify, standardize, and generally improve the process of serving documents abroad, [by] specifying certain approved methods of service."[12] Each member state to the Convention is required to set up a "central authority" to receive requests for service of documents from other member states, but a member state may consent to other means of service within its borders.[13] The United States Supreme Court has described the operation of the Convention as follows:

> Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. Art. 5. The central authority must then provide a certificate of service that conforms to a specified model. Art. 6. A state also may consent to methods of service within its boundaries other than a request to its central authority. Arts. 8-11, 19.[14]

Both the United States and Greece have ratified or acceded to the Convention. Under the Supremacy Clause contained in the United States Constitution, Article VI, the Convention "pre-empts inconsistent methods of service prescribed by state law

---

[12] *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1505 (2017).
[13] *Wright v. American Home Products Corp.*, 768 A.2d 518, 523 (Del. Super. April 20, 2000).
[14] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).

in all cases to which it applies."[15]

The Convention applies if the internal law of the forum state "defines the applicable method of serving process as requiring the transmittal of documents abroad."[16]  The Convention applies here because any valid method of service requires the transmittal of the summons and a copy of the petition for divorce to the husband in Greece.

Under Article 10 of the Convention, service of process by mail or by personal service in the destination State is permitted so long as the receiving State does not object.[17]  The pertinent language reads as follows:

Provided the State of destination does not object, the present Convention shall not interfere with –

*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad[18]

*c*)  the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

In *Water Splash, Inc. v. Menon*, the United States Supreme Court recognized that "in cases governed by the Hague Service Convention, service by mail is

---

[15] *Id.*
[16] *Id.* at 700.
[17] *Water Splash*, 137 S.Ct. at 1513; Hague Service Convention, Article 10.
[18] Hague Service Convention, Article 10 (a).

permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law."[19]   Both conditions must be satisfied.

Greece is a State which objects to service of process via mail under Article 10.[20]   The husband's argument is simple and straightforward.   Since Greece is a State which objects to service of process via mail, service under 13 *Del. C.* § 1508(b) by mailing and publication is invalid.

The wife responds by arguing that the husband has waived his defense of insufficiency of service of process.   He did so, she argues, by becoming an actor in the case on the substance of the divorce and ancillary matters.   The acts taken by him, she continues, include seeking a stay of the Family Court's order requiring him to file an answer to the wife's petition for divorce; filing a motion to amend his motion for a stay; contesting, in the motion to amend, the wife's claims in her motion for interim relief; filing his motion for leave to file a reply to the wife's response to his appeal from the Commissioner to a Judge; and filing a motion to strike the wife's motion for priority scheduling.

---

[19] *Water Splash*, 137 S.Ct. at 1513.
[20] *See Greece – Central Authority & Practical Information*, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=258, (last visited July 11, 2018).

While a respondent may waive the defense of insufficiency of service of process, we do not think the husband has done so here. "Waiver is the voluntary and intentional relinquishment of a known right."[21] The husband's assertion of the defenses of lack of subject matter jurisdiction and insufficiency of process were ongoing. All of the actions he took were defensive. A respondent does not waive the defense of lack of insufficiency of process by attempting to protect himself against offensive activities on the part of a petitioner.

The wife also argues that service by mailing and publication under 13 *Del. C.* §1508(b) and (d) was valid and effective service.[22] This argument must fail because Greece's objection to such service renders service by mail inconsistent with the Hague Service Convention in the case of people living in Greece.

The wife also claims to have accomplished personal service over the husband by the above-described efforts to serve him at his residence in Greece. However, the attempt to serve him personally does not comply with any of the procedures for service authorized by a Delaware statute or the Civil Rules of the Family Court. Family Court Civil Rule 4(a) authorizes service by the sheriff or by "a person

---

[21] *Realty Growth Investors v. Council of Unit Owners*, 453 A.2d 450, 456 (Del. 1982).
[22] 13 *Del. C.* § 1508(d) describes the manner in which mailing and publication are to be accomplished when a party is being so served under 13 *Del. C.* §1508(b).

15

specially appointed by the Court to serve it."[23]   Rule 4(c) provides that service shall be made by the sheriff or by "some person specially appointed by the Court for that purpose."[24]   The Family Court did not approve the appointment of a special process server in Greece.   In fact, the Family Court denied the wife's motion to approve a special process server as moot.   For this reason alone, service by a Greek process server is insufficient.

In addition, however, Greece has objected on behalf of its citizens to the provision in The Hague Service Convention which allows a party to be served personally in Greece as the destination State, rendering such service unavailable under the Convention.[25]

For these reasons, the Family Court has not obtained jurisdiction over the husband because service of process was insufficient.[26]   The Family Court's denial of his motion to dismiss on the grounds of insufficiency of service of process was

---

[23] Fam. Ct. Civ. R. 4(a).

[24] *Id.* at 4(c).

[25] Hague Service Convention, Article 10(c).   *See supra* note 22 (demonstrating Greece's objection to Article 10(c)).

[26] Even if the wife makes valid service of process on the husband and succeeds in showing that she was a Delaware resident when the petition was filed, she must still overcome the obstacle of establishing that Delaware has *in personam* jurisdiction over the husband before she can seek property division or any type of financial relief.   *Cottone v. Cottone,* 547 A.2d 625 (Del. Fam. Ct. 1988).   As important, we note there are serious issues of choice of law and comity that would have to be overcome if the wife advocates for the application of Delaware law to a marriage that was, by both parties' account, centered in Greece for its entirety.

error.

## CONCLUSION

We vacate the judgment of the Family Court denying the husband's motion to dismiss for lack of subject matter jurisdiction. We reverse the judgment of the Family Court denying the husband's motion to dismiss for lack of personal jurisdiction due to insufficiency of service of process. This matter is remanded to the Family Court to vacate the divorce decree, the Judge's order of November 1, 2017 and the Commissioner's order of August 8, 2017, and for such further proceedings as may be consistent with this opinion. Jurisdiction is not retained.