IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GENE M. DASKIN, | § | |
| | § | No. 248, 2019 |
| Respondent Below– | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Family Court |
| | § | of the State of Delaware |
| GRETCHEN KNOWLES, | § | |
| | § | File No. CN17-03287 |
| Petitioner Below– | § | Petition No. 17-16093 |
| Appellee. | § | |

Submitted: June 18, 2019
Decided: June 25, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and the documents attached thereto, it appears to the Court that:

(1)     The respondent below, Gene M. Daskin,[1] has petitioned this Court, under Supreme Court Rule 42 ("Rule 42"), to accept an appeal from the May 14, 2019 Family Court order that denied in part his supplemental motion to dismiss.

(2)     On May 30, 2017, Gretchen Knowles, a dual citizen of the United States and Greece, filed a petition for divorce against Daskin, a citizen of Greece. Daskin filed a motion to dismiss the petition alleging lack of subject matter jurisdiction and insufficient service of process. The Family Court denied the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

motion. Daskin then filed an application for certification of an interlocutory appeal, which the Family Court granted and we accepted. On September 6, 2018, this Court vacated the portion of the Family Court's judgment that denied Daskin's motion to dismiss for lack of subject matter jurisdiction[2] and reversed the portion of the judgment that denied Daskin's motion to dismiss for insufficient service of process.[3] In doing so, we agreed with Daskin's argument that Knowles must serve Daskins in accordance with The Hague Service Convention.[4]

(3) On remand, Knowles submitted to the Family Court a certificate from the Central Authority in Greece stating that Daskin was properly served with, among other documents, the petition for divorce, at his Greek residence on January 2, 2019. Daskin again moved to dismiss, alleging lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficiency of process. The Family Court stayed the supplemental motion to dismiss on subject matter jurisdiction pending an evidentiary hearing. The Family Court denied Daskin's supplemental motion to dismiss on insufficient service of process and personal jurisdiction grounds.

(4) On May 24, 2019, Daskin filed an application for certification in the Family Court to take an interlocutory appeal of the order denying the motion to dismiss. Daskin argued that the Family Court's ruling decided a substantial issue

---

[2] *Daskin v. Knowles*, 193 A.3d 717, 723 (Del. 2018).
[3] *Id.* at 725-26.
[4] *Id.* at 723-26.

of material importance, the interlocutory ruling sustained the controverted jurisdiction of the Family Court, and Daskin would be prejudiced if required to proceed before his jurisdictional challenges could be appealed.

(5) The Family Court denied Daskin's application for certification of an interlocutory appeal. In so doing, the court noted that—in contrast to Daskin's prior interlocutory appeal—Daskin was not appealing the issue of subject matter jurisdiction. The court found Daskin had waived his right to challenge personal jurisdiction when he declined to raise that defense in his initial motion to dismiss and that the remaining basis for the interlocutory appeal—sufficiency of process— was not, standing alone, a substantial issue of material importance meriting interlocutory review. Applying the Rule 42 criteria, the Family Court found that interlocutory review would not result in the termination of the proceedings[5] and that interlocutory review would greatly prejudice Knowles given the length of time that has passed since she filed the petition for divorce.[6] The Family Court held the probable costs of interlocutory review—including denying Knowles the right to pursue her first-in-time filing for divorce in the United States—far outweighed the likely benefits.[7]

(6) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this

---

[5] Del. Supr. Ct. R. 42(b)(iii)(G).
[6] Del. Supr. Ct. R. 42(b)(iii)(H).
[7] Del. Supr. Ct. R. 42(b)(iii).

3

Court.[8]  In the exercise of its discretion and giving great weight to the trial court's review, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Family Court's decision do not exist in this case,[9] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by another interlocutory appeal.[10]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[8] Del. Supr. Ct. R. 42(d)(v).
[9] Del. Supr. Ct. R. 42(b)(ii).
[10] Del. Supr. Ct. R. 42(b)(iii).