IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DNARx LLC, a Delaware limited liability company, | § § § | No. 123, 2024 |
| Defendant Below, Appellant, | § § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § | C.A. Nos. 2022-0968 |
| CHRISTOPHER KAUFMAN, | § § | 2022-0982 |
| Plaintiff Below, Appellee. | § § § | |

Submitted: April 12, 2024
Decided: April 23, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice of voluntary dismissal and responses, it appears to the Court that:

(1)     In October 2022, plaintiff below-appellee Christopher Kaufman filed two actions against defendant below-appellant DNARx LLC in the Court of Chancery.  In C.A. No. 2022-0968, Kaufman sought inspection of DNARx's books and records under 6 *Del. C.* § 18-305 ("Documents Action").  In C.A. No. 2022-0982, Kaufman sought a declaratory judgment regarding loans made to DNARx under 6 *Del. C.* § 18-111 ("Loans Action").

(2)     On March 22, 2023, after two law firms retained by DNARx withdrew and DNARx failed to retain new counsel, the Court of Chancery entered default judgment against DNARx in the Documents Action and appointed a receiver to ensure DNARx's production of books and records.  The court also found DNARx in contempt for engaging in discovery and litigation misconduct.

(3)     In July 2023, new counsel entered his appearance on behalf of DNARx in the Records Action and the Loans Action.  The Court of Chancery held a one-day trial in the Loans Action on November 17, 2023.  Following Kaufman's testimony, the parties' counsel made arguments addressing the merits of the Loans Action and Kaufman's request for sanctions for DNARx's litigation misconduct in the Documents Action and the Loans Action.

(4)     On December 29, 2023, the court entered its post-trial opinion in favor of Kaufman in the Loans Action.[1]  That same day the court entered an order finding DNARx "in contempt for repeated and egregious misconduct in the Documents Action and the Loans Action."[2]  As a sanction, the court ordered the dissolution of DNARx and the appointment of a receiver, serving as a liquidating trustee, to wind up DNARx's affairs.  The court noted that, if the receiver appointed in the

---

[1] *Kaufman v. DNARx LLC*, 2023 WL 9060288 (Del. Ch. Dec. 29, 2023).

[2] *Kaufman v. DNARx LLC*, 2023 WL 9052704, at *1 (Del. Ch. Dec. 29, 2023).

Documents Action was willing to serve in this role, he should submit an appropriate form of order.

(5)     On January 8, 2024, the receiver in the Loans Action submitted a proposed form of order appointing him as the receiver to oversee DNARx's liquidation and winding up (the "Receiver"). The proposed order provided, among other things, for the Receiver to "have the power to commence, continue, join in and/or control any action, suit or proceeding, of any kind or nature, in the name of"[3] DNARx and "to initiate, prosecute, defend, settle or dismiss any and all litigation by, on behalf of, or against DNARx."[4] The order further provided that DNARx could not "file or otherwise pursue any litigation or proceeding on behalf of" DNARx in any forum or hire any attorney for DNARx without the approval of the Receiver or by further order of the Court of Chancery.[5]

(6)     In the letter accompanying the proposed order, the Receiver stated that Kaufman's counsel had approved the proposed order. DNARx's counsel was copied on the letter. DNARx did not file any objections to the letter. On January 17, 2024, the Court of Chancery granted the order ("Liquidation Receiver Order").

(7)     On January 18, 2024, Kaufman's counsel submitted a proposed form of order implementing the court's December 29, 2023 rulings. The letter

---

[3] Ex. A to Notice of Voluntary Dismissal § 2(a)(vi), D.I. No. 7.
[4] *Id.* § 2(d)(iii)(3).
[5] *Id.* § 3(i), (k).

accompanying the proposed order copied DNARx's counsel and the Receiver. On February 22, 2024, the Receiver asked the court to enter the proposed order as unopposed because DNARx's counsel had not filed any objections. Shortly thereafter, the court granted the order ("Final Order").

(8) On March 21, 2024, DNARx's trial counsel filed this appeal from the Final Order on behalf of DNARx. On March 22, 2024, the Receiver filed a notice of voluntary dismissal under Supreme Court Rule 29(a) on behalf of DNARx. Rule 29(a) allows an appellant to dismiss its appeal voluntarily any time before the filing of the appellee's brief. Relying on the terms of the Liquidation Receiver Order, the Receiver argues that the appeal was filed without his authorization or consent and that he has the authority to dismiss the appeal.

(9) At the Court's request, DNARx's trial counsel responded to the Receiver's position. DNARx's trial counsel dismisses the Receiver's reasoning as "circular because the Receiver's authority itself springs from a trial court order that is appealable."[6] He argues that DNARx has a right to appeal and that the Receiver is not incentivized to appeal an order creating his authority. DNARx's trial counsel warns that, "[i]f an entity like DNARx loses at trial, and faces an involuntary

---

[6] Response to Receiver's Assertion of Authority at 2, D.I. 11.

liquidation and the appointment of a liquidating receiver, confining the appellate rights to the receiver would frustrate any appeal."[7]

(10)   In response, the Receiver emphasizes that DNARx could have pursued interlocutory review of the December 29, 2023 sanctions order or filed objections to the proposed forms of the Liquidation Receiver Order or the Final Order, but did not do so.  Nor did DNARx seek a stay of the Liquidation Receiver Order or the Final Order pending appeal.  According to Kaufman, it appears as though DNARx's counsel is pursuing this appeal on behalf of DNARx's former manager, who has been removed from all of his positions with DNARx and no longer has any authority to file litigation or hire an attorney on behalf of DNARx under the Liquidation Receiver Order.

(11)   Having considered the parties' positions, we conclude that the Receiver has the authority to dismiss this appeal.  The Receiver's authority under the Liquidation Receiver Order includes the power "to initiate, prosecute, defend, settle or dismiss any and all litigation by, on behalf of, or against DNARx."[8]  DNARx's trial counsel does not argue that dismissal of an appeal falls outside the scope of this language.  In addition, the Liquidation Receiver Order provides that DNARx cannot "file or otherwise pursue any litigation or proceeding on behalf of" DNARx in any

---

[7] *Id.*

[8] *See supra* n.4.

forum without the approval of the Receiver or by further order of the Court of Chancery.[9] DNARx's trial counsel does not claim that either requirement was satisfied before he filed this appeal.

(12) Instead, DNARx's trial counsel argues that restricting an involuntarily dissolved entity's appellate rights to a court-appointed receiver would frustrate any appeal and deprive the entity of its appellate rights. But DNARx failed to take any steps to protect its ability to pursue an appeal based on the wishes of its former manager instead of the Receiver. DNARx did not seek interlocutory review of the December 29, 2023 rulings, oppose the terms of the Liquidation Receiver Order or the Final Order, or request inclusion of a carveout for its trial counsel to pursue an appeal. Most importantly, DNARx did not seek a stay of the Liquidation Receiver Order or the Final Order pending appeal. In the absence of a stay pending appeal, the terms of the Liquidation Receiver Order, which include the Receiver's power to dismiss any litigation by or on behalf of DNARx, and the Final Order are enforceable.[10] Thus, under the circumstances of this case, the Receiver has the

---

[9] *See supra* n.5.

[10] *See* Del. Const. Art. IV, § 24 (providing that an appeal does not stay the trial court judgment unless sufficient security is posted); *DiSabatino v. Salicete*, 681 A.2d 1062, 1066 (Del. 1996) ("The filing of an appeal from a judgment of a trial court does not stay or suspend the enforcement of that judgment unless the appellant satisfies certain procedural conditions."); *Schmidt v. Schmidt*, 610 A.2d 1374, 1377 (Del. 1992) (recognizing that absent a stay or injunction pending appeal a trial court's judgment is enforceable against the appellant).

authority to file a notice of voluntarily dismissal on behalf of DNARx.

NOW, THEREFORE, IT IS ORDERED, that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice